*718 otinion.
MoRRis:
Insofar as the fiscal years ended February 28, 1918, and 1919 are concerned, the Board is without jurisdiction to hear and determine petitioner’s claim for the reason that the respondent has not asserted a deficiency as defined by the statute for either of the years. Cf. Appeal of Cornelius Cotton Mills, 4 B. T. A. 255.
The reasonableness of salaries paid petitioner’s president for the three succeeding fiscal years remains for our consideration. This issue raises a question of fact which can only be determined in the light of the evidence of each individual case. The record in the instant proceeding sets out with considerable particularity the duties and services performed for the petitioner by its president. It likewise affords the testimony of competing merchants who stated that the usual compensation for such services as Friend performed ranged between $25,000 and $35,000 per annum. We are of the opinion therefore, that $25,000 for the fiscal year 1920, $25,000 for the fiscal year 1921, and $15,000 for the fiscal year 1922, constitute reasonable salaries for the services performed during the several fiscal years.
Respondent stressed certain unsigned memoranda purporting to be minutes of directors’ meetings for the various years in which the amount of salary to be paid the president was stated, and contended at the hearing that these amounts were reasonable and that the minutes evidenced the corporate action of valuing its president’s services. Assuming that such memoranda were properly identified, offered and submitted in evidence, we are unable to agree with respondent’s contention, as it is our opinion that unsigned memoranda such as the ones here under consideration are entitled to but little probative weight. If the directors’ meetings were held, but the amount of the president’s salary was by agreement revised prior to the close of the taxable year, and the amount finally decided upon was reasonable compensation for the services actually rendered, such amount is deductible. Cf. Appeal of H. C. Couch, 1 B. T. A. 103.
Judgment will he ent&red on 15 days' notice, under Rule 50.
Considered by Trammell and Littleton.